UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN MICHAEL COHAN and WACKSON BARTHELEMY, individually and for and on behalf of all similarly situated persons,

    Plaintiffs,

-against-

COLUMBIA SUSSEX MANAGEMENT, LLC., d/b/a MELVILLE MARRIOTT, along with any other related corporate entities,

    Defendant.

Index No.:

CLASS ACTION COMPLAINT

SEYBERT, J
TOMLINSON, M

Plaintiffs, by their attorneys, Leeds, Morelli, and Brown, P.C., and Virginia & Ambinder, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b), New York Labor Law Article 19 § 663, 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142-2.2, and New York Labor Law Article 6 §§ 190 *et seq.*; to recover unpaid overtime compensation and unlawfully retained gratuities owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by COLUMBIA SUSSEX MANAGEMENT, LLC., d/b/a MELVILLE MARRIOTT, or any other affiliated or related entities (hereinafter collectively referred to as "Defendant").

ORIGINAL

2. Beginning in approximately June of 2006 and, upon information and belief, continuing through the present, Defendant failed to provide overtime compensation to its employees for all hours worked in excess of 40 hours in any given week, in violation of federal and state law.

3. Beginning in approximately June of 2006 and, upon information and belief, continuing through the present, Defendant engaged in a policy and practice of unlawfully retaining employees' tips.

4. Beginning in approximately June of 2006 and, upon information and belief, continuing through the present, Defendant engaged in a policy and practice of holding out to customers that a mandatory service charge of approximately 22% (the "Service Charge") on all catered events was a gratuity.

5. Beginning in approximately June 2006 and, upon information and belief, continuing through the present, Defendant engaged in a policy and practice of failing to remit the 21 or 22% Service Charge to its employees engaged in professions which customarily and regularly receive tips, in violation of New York Labor Law Article 6 § 196-d and the cases interpreting the same.

6. Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, compensation, including gratuities, that they were deprived of, plus interest, attorneys' fees, and costs.

## JURISDICTION

7. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b),

and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

8. Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

9. Plaintiff JOHN MICHAEL COHAN is an individual who resides in Huntington, New York, and who formerly worked for Defendant as a waiter, bartender, restaurant server, room service delivery person, a member of the clean-up and set-up crews, and as front-desk help from approximately May 2009 to August 2010.

10. Plaintiff WACKSON BARTHELEMY is an individual who resides in Brooklyn, New York, and who formerly worked for Defendant as a server from approximately April 2007 to July 2009.

11. Upon information and belief, Defendant COLUMBIA SUSSEX MANAGEMENT, LLC., is a foreign corporation doing business in New York, organized and existing under the laws of the State of Kentucky, with its principal place of business at 740 Centre View Boulevard, Crestview Hills, Kentucky and is engaged in the restaurant and catering business on Long Island at 1350 Old Walt Whitman Road, Melville, NY.

12. Defendant engage in interstate commerce, produce goods for interstate

commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

## CLASS ALLEGATIONS

13. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

14. This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who performed work for Defendant as restaurant and catering employees, including such workers as wait staff, bussers, bartenders, hosts, food runners, and in various other related customarily-tipped trades.

15. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

16. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, (1) whether Defendant assessed charges to its customers in the nature of gratuities, as those terms are defined under the New York Labor Law and the cases and regulations interpreting same; (2) whether Defendant' patrons made payments to Defendant or which were received or retained by Defendant which reasonable patrons would assume to have been in the nature of gratuities; (3) whether Defendant improperly retained gratuities in violation of New York Labor Law § 196-d and cases interpreting

same; and (4) whether the Defendant failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week in violation of federal and state law.

17. The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class were all subject to Defendant' policies and willful practices of failing to pay employees overtime and improperly retaining gratuities in violation of New York Labor Law § 196-d. The Plaintiffs and the putative class members thus have sustained similar injuries as a result of the Defendant' actions.

18. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

19. Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiffs and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant' policies.

## FACTS

21. Beginning in or about June 2006, the Defendant employed, in the furtherance of its restaurant and catering business, numerous individuals in trades including wait staff, bussers, bartenders, hosts, food runners, and in other related

customarily-tipped trades.

22. Upon information and belief, Plaintiffs and all members of the putative class constituted "employees" as that term is defined under 29 U.S.C. §203(e) and New York Labor Law § 190 *et seq.* and case law interpreting the same.

23. Plaintiff COHAN was employed by Defendant from approximately May 2009 to August 2010 as a waiter, bartender, restaurant server, room service delivery person, a member of the clean-up and set-up crews, and as front-desk help. He typically worked in excess of 40 hours per week and earned between $9 and $16.95 per hour, depending on the position.

24. Plaintiff BARTHELEMY was employed by Defendant from approximately April 2007 to July 2009 as a server. He typically worked between 30 and 60 hours per week and earned between $9 and $11 per hour.

25. Plaintiffs, and, upon information and belief, other similarly situated individuals were not compensated at a rate of one and one-half (1.5) times their regular rate of pay for those hours worked in excess of 40 per week.

26. Upon information and belief, Defendant included a service charge in the amount of approximately 21% or 22% on the total bill for all catered events.

27. Upon information and belief, reasonable patrons would have understood the Service Charge to be in the nature of a gratuity.

28. Plaintiffs COHAN and BARTHELEMY, and, upon information and belief, other members of the putative class, were not paid a majority of the Service Charge.

29. Upon information and belief, Defendant retained this charge for themselves.

30. Upon information and belief, Defendant included a Service Charge in the total bill for all room service meals.

31. Upon information and belief, reasonable patrons would have understood the Service Charge to be in the nature of a gratuity.

32. Plaintiffs, and, upon information and belief, other members of the putative class, were not paid the Service Charge. Upon information and belief, Defendant retained this charge for themselves.

33. Upon information and belief, Defendant discouraged Plaintiff and other members of the putative class from receiving separate gratuities from Defendant' customers.

34. Upon information and belief, Defendant willfully disregarded and purposefully evaded recordkeeping requirements of applicable New York State law by failing to maintain proper and complete records of charges in the nature of gratuities, as required under 12 NYCRR § 146-2.1.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT: FLSA OVERTIME COMPENSATION

35. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 34 hereof.

36. Pursuant to 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee

receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

37. COLUMBIA SUSSEX MANAGEMENT, LLC. is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

38. Plaintiffs and other members of the putative collective action are employees, within the meaning contemplated, pursuant to 29 U.S.C. §203(e).

39. Plaintiffs and other members of the putative collective action, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

40. 29 U.S.C. §213 exempts certain categories of employees from minimum wage obligations. None of these exemptions apply to Plaintiffs or other similarly situated employees.

41. Upon information and belief, Plaintiffs other members of the putative class regularly worked more than 40 hours a week while working for Defendant.

42. Upon information and belief, Defendant violated the FLSA by failing to pay Plaintiffs and other members of the putative collective action overtime wages at a rate of one and one-half times the normal rate of pay for hours regularly worked over 40 in any given week.

43. Plaintiff COHAN regularly worked more than 40 hours per week but did not receive overtime compensation for those hours.

44. Plaintiff BARTHELEMY regularly worked between 45 and 60 hours per

week but did not receive overtime compensation for those hours.

45. Upon information and belief, the failure of Defendant to pay Plaintiffs and other members of the putative collective action their rightfully owed wages was willful.

46. By the foregoing reasons, Defendant are liable to Plaintiffs and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT: NEW YORK OVERTIME COMPENSATION

47. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 46 hereof.

48. COLUMBIA SUSSEX MANAGEMENT, LLC. is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

49. Plaintiffs and other members of the putative class action are employees, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

50. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate...."

51. New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together

with costs and such reasonable attorney's fees."

52. Upon information and belief, Plaintiffs and other members of the putative class worked more than 40 hours a week while working for Defendant.

53. Upon information and belief, Plaintiffs and other members of the putative class action did not receive overtime compensation for all hours worked in excess of 40 hours in any given week.

54. Consequently, by failing to pay to Plaintiffs and other members of the putative class action overtime compensation, Defendant violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2.

55. Upon information and belief, Defendant's failure to pay overtime compensation to the Plaintiffs and members of the putative class action was willful.

56. By the foregoing reasons, Defendant has violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs and members of the putative class action in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT: UNLAWFUL WITHOLDING OF GRATUITIES

57. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 56 hereof.

58. Pursuant to New York Labor Law Article 6 § 196-d, and the supporting New York State Department of Labor Regulations, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a

gratuity or of any charge purported to be a gratuity for an employee."

59. COLUMBIA SUSSEX MANAGEMENT, LLC is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

60. Plaintiffs and other members of the putative class are employees, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(2) and the supporting New York State Department of Labor Regulations.

61. Gratuities provided by Defendant's patrons to service employees constitute "wages" as that term is defined under Article 6 of the New York Labor Law, specifically including but not limited to New York Labor Law §§ 193, 196-d, 198(3).

62. Upon information and belief, Plaintiff COHAN, while working in various capacities for Defendant including server, waiter, bartender, and clean up person, was not fully paid the gratuities that were owed to him.

63. Upon information and belief, Plaintiff BARTHELEMY, while working for Defendant as a server, was not fully paid the gratuities that were owed to him.

64. Defendant unlawfully withheld, and personally retained, portions of gratuities provided to service employees.

65. Defendant therefore violated New York Labor Law Article 6 § 196-d and the supporting New York State Department of Labor Regulations by withholding, and personally retaining, portions of gratuities earned by service employees.

66. By the foregoing reasons, Defendant have violated New York Labor Law Article 6 § 190 *et seq.* and the supporting New York State Department of Labor

Regulations, and are liable to Plaintiffs and other members of the putative class action in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
## IMPROPER PAY STUBS

67. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 66 hereof.

68. COLUMBIA SUSSEX MANAGEMENT, LLC is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

69. Plaintiffs and other members of the putative class are employees, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(2) and the supporting New York State Department of Labor Regulations.

70. Pursuant to New York Labor Law § 195, an employer is required to give its employees a notice (pay stub) stating: "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

71. According to New York Labor Law § 198-1(d), Plaintiffs are entitled to

$100 for every paycheck they received that did not have a pay stub.

72. Upon information and belief, Plaintiffs and members of the putative class did not receive pay stubs (a notice) that accurately reflected their hours worked or the amount of deductions that were being taken from their wages.

73. For the foregoing reasons, Defendant violated New York Labor Law §§ 198-1(d) and 195 and are liable to Plaintiffs in an amount to be determined at trial, plus interest, attorney's fees, and costs.

**WHEREFORE**, Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendant demand judgment:

(1) on the first cause of action against Defendant in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs

(2) on their second cause of action against Defendant in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs, pursuant to the cited New York Labor Law provisions;

(3) on the third cause of action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(4) on their fourth cause of action against Defendant in the amount equal to $100 for every paycheck they received that did not have an accurate pay stub; and

(5) whatever other and further relief the Court may deem appropriate.

Dated: Carle Place, New York
June 19, 2012

_____
Jeffrey K. Brown
Lenard Leeds
LEEDS MORELLI & BROWN, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550

-and-

Lloyd R. Ambinder
James Emmet Murphy
VIRGINIA & AMBINDER, LLP
111 Broadway, Suite 1403
New York, New York 10006
lambinder@vandallp.com
jmurphy@vandallp.com
Tel: (212) 943-9080

*Attorneys for Plaintiff and Putative Class*