UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JOHN MICHAEL COHAN and WACKSON : 
BARTHELEMY, Individually and for and on :
behalf of all similarly situated persons, :
: 
                                                 Plaintiffs,  :         12-CV-3203 (JS) (AKT)
:
                  -against- :
:
COLUMBIA SUSSEX MANAGEMENT, LLC, :
:
                                                Defendant. :
-----------------------------------------------------------------

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR EQUITABLE TOLLING

**SPECTOR GADON & ROSEN, P.C.**
George M. Vinci, Jr., Esquire (*Pro Hac Vice*)
David B. Picker, Esquire (DP9658)
One Penn Plaza, 36th Floor
New York, NY 10119
       and
1635 Market Street, 7th Floor
Philadelphia, PA 19103

(215) 241-8888 (Tel)
(215) 241-8844 (Fax)
**gvinci@lawsgr.com / dpicker@lawsgr.com**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ................................................................................................................ 1

STATEMENT OF RELEVANT PROCEDURAL HISTORY AND FACTS ..................... 2

STATEMENT OF CONTROLLING LEGAL PRINCIPLES ............................................. 3

ARGUMENT ....................................................................................................................... 6

CONCLUSION .................................................................................................................... 9

**TABLE OF AUTHORITIES**

**Federal Cases**

*Amendola v. Bristol-Myers Squibb Co.*, 558 F.Supp.2d 459 (S.D.N.Y. 2008) .............................. 8

*A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135 (2d Cir. 2011) ......................................... 4,8

*Atkins v. Gen. Motors Corp.*, 701 F.2d 1124 (5th Cir. 1983) ......................................................... 5

*Barrett v. Forest Laboratories, Inc.*, No. 12-cv-5224, 2015 WL 4111827
(S.D.N.Y., July 8, 2015) ............................................................................................................. 4,5,7-8

*Bitner v. Wyndham Vacation Resorts, Inc.*, 302 F.R.D. 354 (W.D. Wisc. 2014) ...................... 6,7,9

*Cada v. Baxter Healthcare Corp.*, 920 F.2d 446 (7th Cir.1990) .................................................... 4

*Guzman v. Three Amigos SJL Inc.*, 14-cv-10120, 2015 WL 4597427
(S.D.N.Y., July 30, 2015) .............................................................................................................. 6,9

*Harper v. Ercole*, 648 F.3d 132 (2d Cir. 2011) ............................................................................ 9n.

*Iavorski v. U.S. Immigration & Naturalization Serv.*, 232 F.3d 124 (2d Cir. 2000) ...................... 5

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) ................................................................ 4,5

*Jackson v. Bloomberg, LP*, 298 F.R.D. 152 (S.D.N.Y. 201) ........................................................ 3,6

*Johnson v. Nyack Hosp.*, 86 F.3d 8 (2d Cir. 1996) .......................................................................... 4

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) ..................................................... 3

*Mark v. Gawker Media LLC*, No. 13-cv-4347, 214 WL 555489 (S.D.N.Y., Nov. 3, 2014).. 3,6,7n.

*McGlone v. Contract Callers, Inc.*, 867 F. Supp.2d 438 (S.D.N.Y. 2012) ...................................... 6

*O'Connor v. Oakhurst Dairy*, 14-cv-192, 2015 WL 2453678 (D. Me., May 22,2015) .................. 6

*Ouedraogo v. A-1 International Courier Service, Inc.*, 12-cv-5651, 2013 WL 3466810
(S.D.N.Y., July 8, 2013) .................................................................................................................. 6

*Pace v. DiGuglielmo*, 544 U.S. 408 (2005) ..................................................................................... 4

*Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62 (2d Cir. 2014) ...................................... 4

*Smith v. McGinnis,* 208 F.3d 13 (2d Cir. 2000).................................................................................4

*Wallace v. Kato*, 549 U.S. 384 (2007).................................................................................................4

*Wilson v. Battles*, 302 F.3d 745 (7th Cir. 2002)..................................................................................4

*Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178 (M.D. Pa. 2008)...............................................5

*Yahraes v. Restaurant Associates Events Corp.*, 10-cv-935, 2011 WL 844963
(E.D.N.Y., Mar. 8, 2011).................................................................................................................5-6

*Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74 (2d Cir. 2003) ...........................4,5

**Statutes and Rules**

F.R.Civ.P. 23 ......................................................................................................................................1,3

29 U.S.C. §216(b)..................................................................................................................................2

29 U.S.C. §255(a)..................................................................................................................................3

29 U.S.C. §256(b)..................................................................................................................................3

NYLL Article 19, §663 .........................................................................................................................2

NYLL Article 6, §190 ...........................................................................................................................2

NYCRR §1412-2.2 ................................................................................................................................2

## INTRODUCTION

Defendant Columbia Sussex Management, LLC ("CSM", or "Defendant"), by its undersigned counsel, opposes Plaintiffs' Motion For equitable Tolling of Putative Opt-in Plaintiffs' Claims (DE # 73) because Plaintiffs have failed to establish either extraordinary circumstances or their own diligence sufficient to warrant the extraordinary remedy of equitable tolling.

Unlike F.R.Civ.P. 23 class actions which toll the statute of limitations for all class members upon filing, the limitations period in collective actions under the Fair Labor Standards Act ("FLSA") continues to run for each putative plaintiff until he or she "opts in" by filing a consent. 29 U.S.C. §256(b). The extraordinary remedy of equitable tolling may be imposed by the court to relieve a consenting plaintiff of a statutory limitations bar, but only when that plaintiff has clearly met the heavy burden of demonstrating that extraordinary circumstances prevented a timely filing despite due diligence in the pursuit of his or her rights.

In their current motion, presented more than three years after filing this Action and nearly two years after conditional certification of the class and approval of the form of notice to putative class members by Magistrate Judge Kathleen Tomlinson ("Judge Tomlinson"), Plaintiffs now request on behalf of all past and future consenting plaintiffs that all statutory bars be tolled from the date of the filing of their original motion for conditional certification and until pending objections to limited aspects of the certification order are resolved by Judge Joanna Seybert ("Judge Seybert").

It is respectfully suggested that Plaintiff's Motion fatally fails to establish the required exceptional circumstances and due diligence, and therefore must be denied.

1

## STATEMENT OF RELEVANT PROCEDURAL HISTORY AND FACTS

The original Plaintiffs John Michael Cohan ("Cohan") and Wackson Barthelemy ("Barthelemy" (collectively the "Named Plaintiffs") filed the present action against Defendant hotel manager CSM on June 27, 2012. The claims asserted are a putative collective action for unpaid overtime under the FLSA, 29 U.S.C. §216(b) and a putative class action for unpaid overtime and allegedly withheld under the New York Labor Law ("NYLL"), Article 19, §663, the New York Codes, Rules and Regulations ("NYCRR") §1412-2.2, and NYLL Article 6, §190, *et seq.* (DE # 1). CSM timely filed its Answer on August 23, 2012. (DE # 2). Delayed slightly by a devastating hurricane (Sandy), a scheduling conference was held before Judge Tomlinson on November 19, 2012, and a Case Management and Scheduling Order was issued the next day establishing times for initial discovery and the filing of a motion for conditional certification as a collective action. (DE # 23).

On February 20, 2013, the Named Plaintiffs filed their Motion for Conditional Certification of the collective class action under FLSA only and Notice to an asserted class of similarly situated putative plaintiffs, together with Defendant's Opposition and Plaintiffs' Reply thereto, in accordance with the Judge Tomlinson's Rules. (DE # 30). On April 9, 2013, a telephone conference on the status of discovery was held by Judge Tomlinson. (DE # 40).

On September 19, 2013, Judge Tomlinson issued an Order granting conditional certification and authorizing the Plaintiffs to post and circulate notice of the collective action to all putative members of the opt-in class defined in accordance with the Court's directive. (DE # 41). Promptly thereafter, on October 3, 2013, Defendant requested reconsideration of Judge Tomlinson's certification and her directive regarding aspects of the notice. (DE ## 43, 53-56). Defendant also appealed Judge Tomlinson's decision by filing Objections with Judge Seybert.

(DE # 42). Both the motion for reconsideration and the Objections requested a stay of Judge Tomlinson's certification order. No stay was ever granted.

On September 30, 2014, Judge Tomlinson denied Defendant's request for reconsideration. (DE # 66). Judge Seybert has not yet ruled on the Objections.

Most important to deciding the present motion for the imposition of a blanket equitable tolling as to all potential claimants, no stay of proceedings in any respect, including discovery or the issuance of notice to the putative class, has been imposed by either Judge Tomlinson or Judge Seybert. Accordingly, Plaintiffs have not been judicially estopped from proceeding to post or issue notices to the putative class members in accordance with the directives issued by Judge Tomlinson since the time of her Order on September 19, 2013.

Meanwhile, two additional employees have filed consents to join this collective action: Marie Carmel Victor (DE # 25), who was not employed after 2007 and therefore cannot be affected by the outcome of this motion; and Michella Calix (DE # 68).

## STATEMENT OF CONTROLLING LEGAL PRINCIPLES

Under the applicable provision of the FLSA, claims must be "commenced within two years after the cause of action accrued," unless the violation was willful, in which case the statutory limitations period is extended to three years. FLSA, §255(a); *Mark v. Gawker Media LLC*, No. 13-cv-4347, 214 WL 555489 (S.D.N.Y., Nov. 3, 2014), at *2. Unlike Rule 23 class actions, in FLSA collective actions the statute of limitations continues to run for each opt-in plaintiff until that party files the required consent with the court. FLSA, §256(b); *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170 (S.D.N.Y. 2014). Simply stated, signed consents "do not relate back to the original filing date," but the limitations period is tolled only by the filing of a signed consent. *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 199 (S.D.N.Y. 2006).

3

In limited circumstances, federal courts are permitted to employ the doctrine of equitable tolling to avoid the bar of an expired statute of limitations. It is an extraordinary remedy and should be granted only in the most compelling instances:

> The doctrine of equitable tolling creates an exception to the potential harshness of the FLSA's limitations regime by "allow[ing] courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir. 1996), *see also Parada v. Banco Indus. De Venezuela, C.A.,* 753 F.3d 62, 70-71 (2d Cir. 2014) (accepting possibility of equitable tolling under FLSA). The exception, however, is exceedingly narrow. … Indeed, the Supreme Court has cautioned that equitable tolling is "not a cure-all for an entirely common state of affairs." *Wallace v. Kato,* 549 U.S. 384, 396, … (2007).

*Barrett v. Forest Laboratories, Inc.*, No. 12-cv-5224, 2015 WL 4111827 (S.D.N.Y., July 8, 2015), at *2. *See also Wilson v. Battles,* 302 F.3d 745, 749 (7th Cir. 2002) ( "'equitable tolling is granted sparingly' only when 'extraordinary circumstances far beyond the litigant's control ... prevented timely filing.'" [Citation omitted]).

The Court of Appeals for the Second Circuit has agreed that equitable tolling is only rarely appropriate and has established the controlling test to be applied by the District Courts:

> "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, **and** (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, … (2005). Because statutes of limitations "protect important social interests in certainty, accuracy, and repose," *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 453 (7th Cir. 1990), equitable tolling is considered a drastic remedy applicable only in "rare and exceptional circumstance[s]," *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks and alteration omitted). [Emphasis added]

*A.Q.C. ex rel. Castillo v. U.S.*, 656 F.3d 135, 144 (2d Cir. 2011). *Followed, Barrett, supra.*

> Federal courts should grant equitable tolling "sparingly," *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, … (1990), and "only ... in [ ] rare and exceptional circumstance[s],"*Zerilli–Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (alteration in original) (internal quotation marks omitted). Equitable tolling is generally reserved for

4

> situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin,* 498 U.S. at 96. Nevertheless, "[a] statute of limitations may be tolled as necessary to avoid inequitable circumstances." *Iavorski v. U.S. Immigration & Naturalization Serv.*, 232 F.3d 124, 129 (2d Cir. 2000). **In determining whether equitable tolling is warranted, the Second Circuit has stated that a court "must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply."** *Zerilli–Edelglass*, 333 F.3d at 80–81 (internal quotation marks omitted).

*Yahraes v. Restaurant Associates Events Corp.*, 10-cv-935, 2011 WL 844963 (E.D.N.Y., Mar. 8, 2011), at *1 [emphasis supplied].

The burden of proving the elements necessary for equitable tolling is a high one and courts are required to be cautious in applying the doctrine:

> In light of Congress's considered choice not to relate a FLSA collective action member's signed consent back to the date of the original complaint, "courts must be cautious about equitably tolling the FLSA limitations period," *Woodard v. FedEx Freight E., Inc.,* 250 F.R.D. 178, 194 (M.D. Pa. 2008), lest they transform it into the Rule 23 scheme by effectively "alter[ing] the express terms of the statute," *Atkins v. Gen. Motors Corp.,* 701 F.2d 1124, 1130 n. 5 (5th Cir.1983).

*Barrett, supra*, 2015 WL 4111827, at *3.

Courts apply or refuse to apply equitable tolling on the basis of the totality of the circumstances presented, including the diligence of the filing plaintiff and extraordinary delays imposed by the court itself. Although the claims of putative consenting plaintiffs should not be penalized due to a delay in deciding the certification motion, even when court delay is present, the courts have viewed the diligence of the plaintiff to be the dispositive. **Compare**, cases where diligence was found, *e.g., Yahraes, supra*, at *1 (equitable tolling granted for 37 days during court imposed stay and 55 days between the motion and its resolution where the "procedural

5

history demonstrates that plaintiffs have vigorously pursued their claims and through no fault of their own, have been delayed"), *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438 (S.D.N.Y. 2012) (tolling granted for time between filing of motion and where motion heard and fully briefed on December 15, 2011 and decided April 9, 2012), *Jackson v. Bloomberg, L.P.*, 298 F.R.D. at 170 (tolling granted where motion was filed shortly after the complaint) **with those** where the plaintiff did not meet the heavy burden imposed, *Mark v. Gawker Media*, 2014 WL 5557489, at *2 (tolling denied: eight-month delay in deciding certification motion was "not 'extraordinary'"), *Bitner v. Wyndham Vacation Resorts, Inc.*, 302 F.R.D. 354, 363-64 (W.D. Wisc. 2014) (tolling denied despite seven-month delay in deciding certification motion), *Ouedraogo v. A-1 International Courier Service, Inc.*, 12-cv-5651, 2013 WL 3466810 (S.D.N.Y., July 8, 2013), at *4 n.2 (tolling denied and notice period set for three years before notice (and not filing of complaint) where plaintiff "has neither sufficiently argued or adequately alleged the existence, or likely existence" of extraordinary circumstances"), *Guzman v. Three Amigos SJL Inc.*, _ F. Supp.3d _, 14-cv-10120, 2015 WL 4597427 (S.D.N.Y., July 30, 2015), at *10 (delay of three and one half months in resolving motion for certification did not warrant equitable tolling even in presence of diligent action by plaintiffs), *O'Connor v. Oakhurst Dairy*, 14-cv-192, 2015 WL 2452678 (D. Me., May 22, 2015) (same). "[W]hen a movant does not provide any grounds showing equitable tolling may be appropriate, it will not be applied." *Mark*, 2014 WL 5557489, at *2.

## ARGUMENT

In the present matter, the Plaintiffs have simply not presented any evidence that they have diligently pursued the right of putative class members, nor that some extraordinary circumstances stood in the way of their ability to be diligent. Rather, without any proof thereof,

they make only the naked and conclusory assertions that "plaintiffs have been unable to distribute notice of this collective action" and "hundreds of potential plaintiff's claims have expired." Plfs' Memo., p.5.

Yet in fact, Plaintiffs have been able to obtain the consents of two additional plaintiffs (Ms. Victor and Ms. Calix), thus contradicting their conclusory assertion by demonstrating that it has been possible to publicize the existence of these claims and this lawsuit and obtain such consents "even without the benefit of … court-authorized notice…" *Bitner*, 301 F.R.D. at 363.

Moreover, no stay was imposed after Judge Tomlinson granted conditional certification and ruled on the content of the Notice, and therefore, the Plaintiffs suffered no imposed and unavoidable impediment to notify the putative class. The lack of a stay during the pendency of Defendant's Objections and the motion for reconsideration demonstrates that it has been a lack of diligence by Plaintiffs and their representatives, and not any fault of the Court or anyone else, that has allowed the continued running of the statute of limitations.[1] Accordingly, it is respectfully submitted that the court should follow the reasoning of *Barrett v. Forest Laboratories, supra,* and deny Plaintiffs' present motion.[2]

In *Barrett*, the plaintiffs sought tolling from the date defendants filed a motion to dismiss through the time that conditional certification was granted. The court denied the tolling request on the basis of plaintiffs' lack of due diligence:

---

[1] At most, Plaintiffs might be entitled to tolling for only the approximately eight-month period during which their original motion for conditional certification was pending and awaiting decision. But *see contra, Mark, supra,* and *Bitner, supra* (tolling denied despite eight- and seven-month delays (respectively) in deciding certification motions.

[2] While *Barrett* involved a claim under the Equal Pay Act ("EPA"), the EPA is part of the FLSA, and the principles governing disposition of the issue are the same. As Judge Abrams properly recognized in *Barrett, id.,* at *2, the EPA incorporates the FLSA's enforcement mechanisms and statutes of limitations.

7

> Here, Plaintiffs cannot reasonably argue that they have been diligent in pursuing their rights or that some extraordinary circumstance stood in the way of their ability to be diligent. They contend that they have been "assiduously" pursuing potential class members' rights but that they have been "forestalled" from seeking conditional certification as a result of "procedural and discovery delays" because this case has been "effectively stayed" while Defendants' motion to dismiss was pending. Pl.'s Mem. at 5–6. The record establishes otherwise. Indeed, Plaintiffs' use of the word "effectively" is telling because *the case was not, in fact, stayed*, nor did either party ask the Court to do so. And while there have no doubt been delays in briefing and deciding Defendants' motion to dismiss, Plaintiffs have failed to explain how these delays erected any barrier to their seeking the discovery necessary to pursue conditional certification. [Emphasis added]

*Id.*, at *3.

Judge Abrams further ruled that even if plaintiffs there had demonstrated the requisite diligence, the request for tolling still would have failed because the circumstances were not extraordinary when considered in light of the fairness balance incorporated in the statutory scheme:

> In crafting the FLSA's statute of limitations, Congress could not have been clearer about what it judged to be a fair balance between the interests of employees and employers. Equitable tolling does not invite a second round of "balancing of the parties' competing interests," as Plaintiffs urge. … Rather, it provides a court with limited discretion to depart from the general rule in "rare and exceptional circumstances." *A.Q.C.*, 656 F.3d at 144. These are not such circumstances, notwithstanding the consequences of this decision for potential EPA collection action members. Indeed, to grant the exceptional remedy of equitable tolling for the pendency of a motion to dismiss when there was nothing standing in the way of a plaintiff's pursuing collective certification would be tantamount to tolling the statute of limitations for FLSA claims "as a matter of course for all potential plaintiffs whenever the first plaintiff files her complaint — a result plainly contrary to the procedural rules that govern FLSA collective actions." *Amendola v. Bristol–Myers Squibb Co.*, 558 F. Supp.2d 459, 480 (S.D.N.Y. 2008). And that this Court will not do.

*Id.*, at *5.

Here, Plaintiffs have not provided any evidence of any extraordinary circumstances that prevented them from providing notice as approved by the Court in September 2013 and again in September 2014. Equally important, Plaintiffs have not even attempted to explain why they waited more than three years after filing this action and nearly two years after conditional certification was granted before even seeking equitable tolling. Both of these facts demonstrate that Plaintiffs have not been diligent.

Finally, it is respectfully submitted that the very narrowness of the doctrine of equitable tolling, along with its requirement of extraordinary circumstances, makes it inappropriate for the kind of blanket action-long imposition of equitable tolling that Plaintiffs seek here.[3] We understand that whether any individual potential plaintiff could, under their particular circumstances, be able to satisfy the requirements of equitable tolling is not an issue raised by the present motion nor currently before the Court. *Cf. Guzman*, 2015 WL 4597427, at *10; *Bitner*, 301 F.R.D. at 364.

## CONCLUSION

Because Plaintiffs have not demonstrated their diligence in taking action to post or serve the Notices permitted by Judge Tomlinson's grant of their motion for conditional certification or explained why they did not act to seek this relief sooner, and additionally have not produced any evidence of extraordinary circumstances, it is respectfully submitted that the Plaintiffs' Motion for Equitable Tolling should be denied.

---

[3] *Cf. Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011) ("courts do not apply [equitable tolling's] requirements mechanistically, … Rather, 'the exercise of a court's equity powers must be made on a case-by-case basis,' mindful 'that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case'" [citations omitted].)

9

Respectfully submitted,

**SPECTOR GADON & ROSEN, P.C.**

Dated: September 10, 2015

By: _/s/ David Picker_____
George M. Vinci, Esquire (*Pro Hac Vice*)
David B. Picker, Esquire (DP9658)
One Penn Plaza, 36th Floor
New York, NY 10119
    and
1635 Market Street, 7th Floor
Philadelphia, PA 19103

(215) 241-8888 (Tel)
(215) 241-8844 (Fax)
gvinci@lawsgr.com / dpicker@lawsgr.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Defendant's Memorandum of Law In Opposition to Plaintiff's Motion For Equitable Tolling was served upon the counsel listed below on this **10**[th] day of **September**, 2015, by e-filing with the Court's ECF system:

>Jeffrey K. Brown, Esquire
>Lenard Leeds, Esquire
>Michael A. Tompkins, Esquire
>LEEDS BROWN LAW, P.C.
>1 Old Country Road - Suite 347
>Carle Place, NY  11514
>mtompkins@leedsbrownlaw.com

>And

>Lloyd R. Ambinder, Esquire
>Suzanne Leeds, Esquire
>VIRGINIA & AMBINDER, LLP
>111 Broadway, Suite 1403
>New York, NY 10006
>lambinder@vandallp.com
>sleeds@vandallp.com

Dated: September 10, 2015          By: /s/ David Picker
                                   David Picker, Esquire
                                   1635 Market Street, 7th Floor
                                   Philadelphia, PA 19103
                                   (215) 241-8897 / (215) 241-8844 (fax)