UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN MICHAEL COHAN and
WACKSON BARTHELEMY, individually and
for and on behalf of all similarly situated persons,

                        Plaintiffs,

                       - against -

COLUMBIA SUSSEX MANAGEMENT, LLC
along with any other related corporate entities
doing business as Melville Marriott,

                        Defendant.
----------------------------------------------------------------X

**MEMORANDUM
AND ORDER**

CV 12-3203 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

      This is a hybrid Fair Labor Standards Act ("FLSA")/New York Labor Law ("NYLL") wage and hour action brought by Plaintiffs John Michael Cohan and Wackson Barthelemy ("Plaintiffs") on behalf of themselves and all similarly situated persons seeking unpaid overtime compensation and unlawfully retained gratuities from Defendant Columbia Sussex Management, LLC d/b/a Melville Marriot ("Defendant" or "CSM"). Presently before the Court is Plaintiffs' letter motion to compel production of ESI. *See* DE 71.[1]

**II.    STANDARD OF REVIEW**

      Rule 26 of the Federal Rules of Civil Procedure provides for the discovery of relevant, non-privileged information which "appears reasonably calculated to lead to the discovery of

---

[1]    The Court directs the reader to its September 19, 2013 Memorandum and Order addressing Plaintiffs' motion for conditional class certification [DE 41] which contains a factual recitation of this case.

admissible evidence." Fed. R. Civ. P. 26(b). "'Relevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (noting that the scope of discovery under Rule 26(b) is "very broad"); *Greene v. City of New York*, No. 08 Civ. 243, 2012 WL 5932676, at *3 (E.D.N.Y. Nov. 27, 2012) (citing *Crosby v. City of New York*, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (explaining that Rule 26 must be construed broadly to include any matter that has, or could reasonably have, bearing on any issue that is, or may be, in the case); *Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable."). "Electronic documents are no less subject to disclosure than paper records." *Rowe Entertainment v. William Morris Agency, Inc.*, 205 F.R.D. 421, 428 (S.D.N.Y. 2002). "This is true not only of electronic documents that are currently in use, but also of documents that may have been deleted and now reside only on backup disks." *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 317 (S.D.N.Y. 2003).

Notwithstanding the foregoing principles, however, "[t]he party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Barbara v. MarineMax, Inc.*, No. 12 Civ. 368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013) (citing *Wells Fargo Bank, N.A. v. Konover,* No. 05 Civ. 1924, 2009 WL 585430, at *5 (D.Conn. Mar. 4, 2009); *Evans v. Calise,* No. 92 Civ. 8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994)). In general, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.,* 517 F.3d 76, 103 (2d Cir.

2

2008)); *Barbara*, 2013 WL 1952308, at *3 ("Courts afford broad discretion in magistrates' resolution of discovery disputes."); *Coggins v. Cnty. of Nassau*, No. 07 Civ. 3624, 2014 WL 495646, at *2 (E.D.N.Y. Feb. 6, 2014) (A district court has "broad discretion to determine whether an order should be entered protecting a party from disclosure of information claimed to be privileged or confidential.") (internal quotation omitted).

### III. DISCUSSION

In the instant letter motion, Plaintiffs seek to compel "production of all ESI, as requested by Plaintiffs in their December 9, 2012 requests for documents." *See* DE 71. In support of their motion, Plaintiffs have outlined the chronology of events which have transpired since their initial document requests were served on Defendant's counsel and have stated that although "Plaintiffs have made several good faith efforts to amicably resolve this discovery dispute . . . these outstanding documents remain long overdue." *Id*. In footnote 1 of their letter motion, Plaintiffs state that their ESI request concerns three primary areas:

> (1) customer interactions with sales managers, banquet operations personnel that might evidence the "reasonable patron standard" as required under a § 196-d New York Labor Law claim, (2) electronic event files evidencing the dates of catered events, host names, service charges received, and the information of third-party witnesses who can attest to the "reasonable patron standard", and (3) the scope of overtime payments between management at the hotel and through their various corporate entities, which goes to the FLSA Overtime and New York Labor Law Claims.

*Id*. Plaintiffs argue that despite Defendant's claims that the proposed ESI search terms were too broad, Defendant never countered with a listing of alternative search terms. *Id*. Plaintiffs claim that despite Defendant having two years to address any issues relating to ESI production, including issues pertaining to search terms or its third-party vendor, Defendant has nevertheless failed to provide Plaintiffs with ESI. As such, Plaintiffs assert they have suffered prejudice since

3

they have been forced to endure repeated delays and have otherwise been unable to move forward with this litigation. *Id*.

In its response, Defendant argues that Plaintiffs' letter motion is "simply premature" as "[t]here has been no attempt or intention to delay or obstruct discovery." *See* DE 72. Defendant points out that it has "been able to ascertain the scope of Plaintiff's ESI requests (approximately 70 gigabytes of data) and ha[s] begun the required review of the approximately 50,000 documents [] that fall within the broad search terms suggested by Plaintiffs' counsel." *Id*. Given this progress, Defendant anticipated that the "first portion of the planned rolling production of relevant, non-privileged documents . . . [would] be produced at about the end of [January 2015]." *Id*. Defendant also notes that Boolean searches cannot be run through the most recent version of Summation[2] being used by Defendant. Therefore, "[Defendant's] efforts have necessarily been returned to the review of documents falling within the original broad search terms . . . provided by Plaintiff's counsel." *Id*.

Defendant also points out that the parties' year-long attempt to reach a settlement resulted in an interruption in the discovery process which contributed to any delays asserted by Plaintiffs. *Id*. Based on this status, Defendant believes that Court intervention is not required at this time since "[o]nce Defendant's rolling production is complete, Plaintiffs can identify any deficiencies they may perceive, and [Defendant] will endeavor to resolve them." *Id*.

The Court initially points out that Plaintiffs speak of ESI only in wholesale terms. Other than asserting that Defendant has not complied with Plaintiffs' December 19, 2012 discovery requests with respect to ESI, and simply enumerating three broad categories of ESI which have

---

[2] "Summation" is a web-based software program for e-discovery.

4

not been produced, Plaintiffs' do not provide the Court with specific grievances for which relief is being sought.

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move to compel a discovery response when an opposing party fails to comply with a discovery request." *Automobile Club of New York, Inc. v. Port Authority of New York and New Jersey*, No. 11 Civ. 6746, 2012 WL 4791804, at *5 (S.D.N.Y. Oct. 9, 2012). "Such a motion must identify responses to requests believed to be inadequate, and provide explanation as to why those responses are inadequate." *Id.* (citing *Lawrence v. Artuz,* No. 00 Civ. 0721, 2001 WL 185039, at *1 (S.D.N.Y. Feb. 26, 2001); *LaBounty v. Coombe,* No. 95 Civ. 2617, 1996 WL 30291, at *2 (S.D.N.Y. Jan. 24, 1996)). This explanation must be provided on an individual basis for each response the Plaintiff contends is deficient, pursuant to Local Civil Rule 37.1. Like the Court's finding in *Automobile Club of New York, Inc.*, "though plaintiff['s] motion is titled a 'Motion to Compel Discovery,' it makes little attempt to identify specific, allegedly problematic discovery responses by defendant[s], instead focusing on broader discovery issues." *Id*.

Here, Plaintiffs assert generally a protracted failure on the part of Defendant to produce ESI in general. However, there is no indication of a particularized dispute as to what actual documents, as the term is defined in Section A.1. of the parties' ESI Stipulation [DE 26], are missing. Nor do Plaintiffs attempt to itemize their objections to any particular responses made by Defendant's counsel. Indeed, other than identifying a generalized failure to produce any ESI, Plaintiffs have not set forth the grounds upon which they are entitled to relief with respect to specific discovery demands.

The Court takes note of Defendant's assertion that it has in fact begun to provide Plaintiffs with relevant ESI. *See* DE 72. In addition, Defendant has not asserted any objections

5

to the categories of ESI sought by Plaintiffs which were enumerated in footnote 1 of Plaintiffs' motion, other than to state that only relevant non-privileged documents will be produced. *Id*. In looking at the three categories Plaintiffs' assert, the Court is hard pressed to understand why Plaintiffs' would be entitled in the first instance to materials responsive to category 3 which is unclear on its face.

In light of the foregoing and the time that has passed since the motion was filed, the Court is directing Defendant's counsel to confirm if ESI production has been completed. If it has, the Court will assume that this issue is resolved. If the production has not been completed, Defendant is to advise the Court in writing within 10 days why it has not, at which point the Court intends to set a status conference.

## IV.   CONCLUSION

At this juncture, Plaintiffs' motion to compel production of Defendant's ESI is DENIED, without prejudice.

**SO ORDERED.**

Dated:  Central Islip, New York
        September 30, 2015

/s/  A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge