```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN MICHAEL COHAN, WACKSON
BARTHELEMY, individually and for and
on behalf of all similarly situated
persons, and MARIE C. VICTOR,

                Plaintiffs,

      -against-                              MEMORANDUM & ORDER
                                             12-CV-3203(JS)(AKT)
COLUMBIA SUSSEX MANAGEMENT, LLC,
along with any other related
corporate entities doing business
as Melville Marriott,

                Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:      James Emmet Murphy, Esq.
                     Lloyd Robert Ambinder, Esq.
                     Isabel Ann Gardocki, esq.
                     Alison Lee Genova, Esq.
                     Kara Sue Miller, Esq.
                     Suzanne B. Leeds, Esq.
                     Virginia & Ambinder LLP
                     40 Broad Street, 7th floor
                     New York, NY 10004

                     Michael Alexander Tompkins, Esq.
                     Daniel Harris Markowitz, Esq.
                     Jeffrey Kevin Brown, Esq.
                     Leeds Brown Law, P.C.
                     1 Old Country Road
                     Carles Place, NY 11514

For Defendants:      George Vinci, Esq.
                     David B. Picker, Esq.
                     Spector Gadon & Rosen
                     1635 Market Street, 7th Floor
                     Philadelphia, PA 19103
```

SEYBERT, District Judge:

   Pending before the Court are Defendant's Objections to

Magistrate Judge A. Kathleen Tomlinson's Order granting Plaintiffs' motion for conditional certification (Objections, Docket Entry 42) and Plaintiffs' motion to equitably toll the statute of limitations (Docket Entry 73). For the reasons that follow, Defendant's Objections are OVERRULED and Plaintiffs' motion is GRANTED.

BACKGROUND

Plaintiffs John Michael Cohan and Wackson Barthelemy[1] ("Plaintiffs") brought this case on behalf of themselves and similarly situated persons seeking unpaid overtime and unlawfully retained gratuities from Defendant Columbia Sussex Management, LLC, d/b/a Melville Marriott, and other related corporate entities ("Defendant"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 et seq. and the New York Labor Law ("NYLL"). (See, Compl. ¶ 1.)

Plaintiff Cohan worked for Defendant as a waiter, bartender, restaurant server, room-service delivery person, member of the cleanup and setup crews, and front desk help, from approximately May 2009 until August 2010. (Sept. 19, 2013 Order (the "Certification Order"), Docket Entry 41, at 2.) Plaintiff Barthelemy worked for Defendant as a server from April 2007 through July 2009. (Cert. Order at 2.) The Complaint asserts that

---

[1] Marie C. Victor was added as a named Plaintiff in this action on December 17, 2012. (See Docket Entry 25.)

Plaintiffs and other similarly situated individuals did not receive overtime compensation for hours worked in excess of forty hours per week, and did not receive the majority share of a service charge that Defendant imposed on patrons. (Cert. Order at 2.)

Judge Tomlinson granted Plaintiffs' motion for conditional certification and made certain rulings regarding the scope of the Plaintiffs' proposed class. (See Cert. Order at 24.) Among other determinations, Judge Tomlinson: (1) conditionally certified a class consisting of Defendant's "banquet servers, waiters, bussers, bartenders, clean-up crew, housemen, bellmen, runners, maintenance workers and/or hosts/hostesses" (Cert. Order at 6-12); (2) found that workers from both Defendant's Melville and Islandia facilities should be included in the class (Cert. Order at 13); (3) directed that the FLSA claims be conditionally certified as to all employees or former employees who worked for Defendant from June 27, 2009 through the present (Cert. Order at 18-19); and (4) permitted Plaintiffs' counsel to "include information about potential state law claims dating back to June 27, 2006 in the FLSA opt-in notice" (Cert. Order at 18-19).

Defendant principally objects to Judge Tomlinson's Certification Order on the grounds that (1) too many types of employees are included in Plaintiffs' proposed class and (2) the opt-in notice should not be sent to employees who were employed by Defendant within six years of the filing of the Complaint. (Def.'s

3

Objections, at 7, 15.) In addition, Plaintiffs seek to toll the statute of limitations for their FLSA claims while Defendant's Objections to Judge Tomlinson's Certification Order were pending. (Docket Entry 73.)

DISCUSSION

I. Legal Standard

District courts review nondispositive orders issued by a magistrate judge for clear error. FED. R. CIV. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Travel Sentry, Inc. v. Tropp, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009) (quoting Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622, 113 S. Ct. 2264, 2279, 124 L. Ed. 2d 539 (1993)). A "magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." Bachayeva v. Americare Certified Special Serv., Inc., No. 12-CV-1466, 2013 WL 4495672, at *1 (E.D.N.Y. Aug. 20, 2013); Ross Univ. Sch. of Med., Ltd. v. Brooklyn-Queens Health Care, Inc., No. 09-CV-1410, 2013 WL 1334271, at *5 (E.D.N.Y. Aug. 8, 2013); Pall Corp. v. Entegris, Inc., 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008).

II. The Scope of Plaintiffs' Class

Defendant first argues that only banquet servers should

4

be allowed to participate in this collective action because Plaintiffs have not shown that other classes of employees were subject to labor law violations. (Objections at 7-14.) The Court disagrees.

At the conditional certification stage, "the threshold question for the court is whether the plaintiffs have demonstrated that the potential class members are 'similarly situated' to them . . . with respect to their job duties and/or employer policies." Benitez v. Demco of Riverdale, LLC, No. 14-CV-7074, 2015 WL 3780019, at *3 (S.D.N.Y. June 15, 2015). In her Certification Order, Judge Tomlinson found that Plaintiffs met their modest factual burden of showing that Defendant subjected multiple classes of employees to labor law violations by submitting several sworn affidavits from Defendant's employees. (See Cert. Order at 8-10.) Although Defendant also submitted a sworn affidavit discussing how each type of service employee is compensated, Judge Tomlinson found that the competing affidavits merely created a factual dispute, which could not be resolved at the conditional certification stage. (See Certification Order at 8-9.) Defendant relies upon a smattering of cases in support of the assertion that the allegations in the Complaint do not establish that workers, other than banquet servers, should be included in Plaintiff's collective action. However, Defendant's cases are all procedurally distinguishable because they addressed

motions to dismiss the Complaint, not motions for conditional certification. See, e.g., Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 87 (2d Cir. 2013). In fact, Defendant does not even take aim at the primary thrust of Judge Tomlinson's decision--that Plaintiffs' sworn affidavits establish their potential class members are similarly situated. Therefore, Defendant's objection regarding the scope of the class is OVERRULED.

III. Notice to Members

Defendant next argues that Judge Tomlinson erred by deciding that the opt-in notice should sent to personnel who were employed by Defendant at any time within six years of the filing of the Complaint. (Objections at 15.) Judge Tomlinson chose a six-year period, not the FLSA's three-year limitations period, because Plaintiffs' state law claims are subject to a six-year statute of limitations. (Certification Order at 16.) In addition, Judge Tomlinson noted that prospective FLSA Plaintiffs could have equitable tolling defenses. (Certification Order at 15.) Courts have come to different conclusions when addressing the correct opt-in notice period when Plaintiffs assert both FLSA and NYLL claims in the same action. Compare Winfield v. Citibank, N.A., 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012) (extending the notice period for six years) with Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) (finding a three-year notice period appropriate; "[i]t would be confusing to employees who are

6

ineligible for the FLSA opt-in class to receive the opt-in notice, which does not relate to any state law claims"). Critically, however, decisions regarding the scope of the proposed notice are discretionary. Guzman v. VLM, Inc., No. 07-CV-1126, 2007 WL 2994278, at *2 (E.D.N.Y. Oct. 11, 2007), order clarified, No. 07-CV-1126, 2008 WL 597186 (E.D.N.Y. Mar. 2, 2008). Because Judge Tomlinson's decision concerning the scope of the notice period was well reasoned and supported by precedent, the Court will not alter it.[2]

IV. Equitable Tolling is Appropriate

Courts have discretion to equitably toll the limitations period in appropriate cases in order "to avoid inequitable circumstances." Yahraes v. Rest. Assocs. Events Corp., No. 10-CV-935, 2011 WL 844963, at *1 (E.D.N.Y. Mar. 8, 2011) (internal quotation marks and citation omitted); McGlone v. Cont. Callers, Inc., 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012). In the interest of justice, the Court finds that the statute of limitations for Plaintiffs' FLSA and NYLL claims must be tolled from the date Defendant's filed Objections to Judge Tomlinson's Certification Order until the date of this Memorandum and Order.

---

[2] Defendant's final objection addresses the trivial issue of whether potential plaintiffs should be notified about the possibility that they will need to pay costs if this case is not successful. (Objections at 22.) Judge Tomlinson's decision on this point was well-reasoned, therefore, the point need not be addressed further. (See Cert. Order at 22.)

7

## CONCLUSION

For the foregoing reasons, Defendant's Objections (Docket Entry 42) are OVERRULED and Judge Tomlinson's Certification Order is AFFIRMED. In addition, Plaintiffs' motion to equitably toll the statute of limitations while Plaintiffs' Objections were pending (Docket Entry 73) is GRANTED. The statute of limitation for both Plaintiffs' FLSA and NYLL claims is tolled from the date Defendant filed Objections to Judge Tomlinson's Certification Order until the date of this Memorandum & Order.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:     March __15__, 2016
              Central Islip, New York