UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN MICHAEL COHAN, WACKSON
BARTHELEMY Individually and for and on
behalf of all similarly situated persons,

                              Plaintiffs,

              -against-                                                  CV 12-3203 (AKT)

COLUMBIA SUSSEX MANAGEMENT, LLC
along with any other related corporate entities
doing business as Melville Marriott,

                              Defendants.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 28 2018 ★

LONG ISLAND OFFICE

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

### ORDER APPROVING FINAL SETTLEMENT OF CLASS ACTION AND DISMISSAL WITH PREJUDICE OF CLAIMS

      WHEREAS, the Parties have made an application, pursuant to Rule 23(e) Fed. R. Civ. P. and 29 U.S.C. § 216(b), for an order approving settlement in the above-entitled action (the "Lawsuit") of the claims alleged, in accordance with the Settlement Agreement and Release ("Agreement") which sets forth the terms and conditions for the settlement of the Lawsuit against Defendant and for dismissal of the Lawsuit against Defendant, with prejudice, upon the terms and conditions set forth therein, and the Court has read and considered the Agreement, the memorandum of law in support of final approval, the memorandum of law in support of attorneys' fees and service awards, and the DeclarationS of Lloyd R. Ambinder, and exhibits attached to those Declarations;

WHEREAS, on September 25, 2017, this Court issued an Order preliminarily approving the proposed settlement agreement and providing for court approved notice of the settlement to the Rule 23 Class Members and FLSA Collective Members. Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the Named Plaintiffs, Opt-in Plaintiffs, and the Class. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court also scheduled a Fairness Hearing to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

WHEREAS, the Agreement complies with the Second Circuit's guidance in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) because: (a) there are no restrictive confidentiality provisions which would otherwise conflict with the remedial purposes of the FLSA; (b) the release is narrowly tailored to the FLSA and NYLL claims asserted in this litigation; and (c) the attorney's fees which equate to 30% of the Qualified Settlement Fund are fair and reasonable as found by this Court.

WHEREAS, Class Counsel has advised that no written objections to the settlement have been received and no class members out of approximately 1,518 have opted out of the settlement. Further, no one appeared at the Fairness Hearing on February 13, 2018, to voice an objection or otherwise be heard to contest the settlement.

WHEREAS, the Agreement is clearly the produce of arm's length negotiations between experienced counsel with the assistance of well respected professional mediators.

WHEREAS, the Court is satisfied that the proposed settlement meets both procedural and substantive fairness.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of the Lawsuit, and over all parties to the Lawsuit, including all Rule 23 Class Members and Participating Claimants.

2. For purposes of this Order, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement.

3. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final certification, for settlement purposes only (and for no other purpose and with no other effect upon this or any other current or future action), of a Rule 23 Class consisting of all individuals who primarily worked as AM Banquet Servers, PM Banquet Servers, Banquet Housemen, Banquet Set-up, Banquet Bartenders, Captains ("Banquet Trades Class") and all other individuals defined in the FLSA Section 216(b) notice as clean-up crew, bellmen, maintenance workers, and/or hosts/hostesses ("Remaining Trades Class") at Columbia Sussex at the Melville Marriott in New York from June 27, 2006 through October 31, 2016 and the Islandia Marriott in New York from June 27, 2006 until August 31, 2016, as they meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

4. The settlement as set forth in the Agreement is approved and is, in all respects, fair, reasonable, adequate and in the best interests of the Named Plaintiffs, Participating Claimants, and the Rule 23 Class, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

5. All terms and provisions of the Agreement shall be implemented.

6. Class Counsel shall be awarded attorneys' fees in the amount of $980,633.19.

7. Class Counsel shall be awarded costs in the amount of $19,336.01.

8. For services rendered on behalf of the Lawsuit and Class, Named Plaintiffs and Wackson Barthelmy shall be awarded $10,000.00 each. These service awards are in addition to any settlement amounts these Plaintiffs are eligible to receive pursuant to the Agreement as members of the Rule 23 Class and FLSA Collective.

9. Rule 23 Class Members who have not properly and timely exercised their opt-out rights in the Lawsuit are conclusively deemed to have released or discharged Defendant from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the Agreement. All such matters are hereby finally concluded, terminated and extinguished.

10. Without affecting the finality of this Order in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement.

SO ORDERED THIS 28th DAY OF September 2018.

/s/ A. Kathleen Tomlinson

Hon. A. Kathleen Tomlinson, U.S.M.J

**THE CLERK'S OFFICE IS DIRECTED
TO CLOSE THIS CASE